UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CRIMINAL NO. B-13-476 |
| JIMMY STANLEY BRIZUELA<br>A 041-348-498 El Salvador | § | |

AKA JIMMY BRIZUELA

## DEFENDANT'S AMENDED MOTION
## FOR PERMISSION TO RAISE A
## JUSTIFICATION / NECESSITY DEFENSE

**NOW INTO COURT,** through undersigned counsel, comes **JIMMY STANLEY BRIZUELA**, defendant herein, who upon suggesting that he has retained counsel in this prosecutions, would hereby request from the Court to be allowed to present evidence of a **Justification /Necessity** affirmative defense to the charges against him for an alleged illegal entry into the Unites States under 8 U.S.C. Sections 1326 (a) (1), (b) (1), for the following reasons, to wit:

### I.

Defendant; upon re-entering the United States, sought to make contact to inform Border patrol agents that he intended to seek and apply for political asylum under international law, based on his "well-founded fear" of persecution in his native El Salvador.

### II.

Defendant was not given the opportunity to address his claims for asylum at the border, for, the officer(s) deemed it was apparently more important to apprehend and

arrest him for illegal re-entry into the United States where he had been removed (deported) recently after a hearing with an immigration judge.

### III.

Defendant, was not offered an I-589 application, nor, were his fears addressed.

### IV.

Defendant asserts that his "fear" was so acute that death would have been imminent if he remained in such condition without adequate protection in El Salvador; accordingly, there was no legal alternative to possibly violating United States law; the harm, even death, was imminent; and defendant's flight back to the United States was directly the result to avoid further threats and recriminations in his native El Salvador.

### V.

Defendant was not charged by the Department of Homeland Security through Immigration and Customs Enforcement (ICE) for "Reinstatement of a Prior Removal Order" which could have addressed his asylum claims, but, the Border Officers ignored such option under U.S. law.

### VI.

Defendant, thus seeks an affirmative defense of necessity for Asylum under international law where he asserts status as a person outside of his country of nationality and not within the United States or at the borders of the United States, who is unable or unwilling to return to his country because of persecution or a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular group or political opinion. "INA Sec. 101 (a) (42) (A), 8 U.S.C. Sec. 1101 (a) (42)(A); 1967 United Nations Protocol Relating to the Status of Refugees, U.S. acceded to in 1968.

### VII.

Defendant is entitled to a pretrial evidentiary hearing in which he should be permitted to present all his evidence regarding his justification and necessity defenses relative to Rule 104 (a) of the Federal Rules of Evidence, for the defendant would be a witness, and request such. See, Rule 104 (c), Federal Rules of Evidence.

### VIII.

Defendant, upon a rule 104 hearing, defendant would like to, possibly, proffer expert testimony as to his medical condition and as to the political climate in his native El Salvador. See, Rule 702, Federal Rule of Evidence., Rule 104, supra.

WHEREFORE, defendant prays that his motion be deemed good and sufficient, and after review that an evidentiary hearing be held in order to ascertain the relevancy and materiality of defendant's justification / necessity defense and that he be allowed to proffer evidence by experts, if any, relative to such claims, including, but not limited to, experts on the conditions of his native country, El Salvador.

Respectfully Submitted,

_____
Michael A. Thomas, (#631723)
Thomas & Thomas
16630 Imperial Valley Dr., Ste. 137
Houston, Texas 77060
(tel) 281-591-0017
(fax) 281-591-1578

**Attorney For Defendant**
JIMMY S. BRIZUELA

## CERTIFICATE OF CONFERENCE

I, Michael A. Thomas, hereby certify that I had a conference by telephone call with the Assistant U.S. Attorney, Mr. Ponce, concerning the re-issuance of motions for discovery strike, and necessity defense on the ___18th___ day of __September__, 2013, whereby it was agreed we should do so in contemplation of the court's revised docket control order.

## CERTIFICATE OF SERVICE

I, **Michael A. Thomas**, hereby certify that a copy of the foregoing motion for a justification affirmative defense was forwarded to the U.S. Attorney's Office of the U.S. District Court, Southern District of Texas, this ___27th___ day of __September__, 2013 by Certified mail, U.S. Postal Service.

_____
Michael A. Thomas

## ORDER

**Considering the foregoing motion,**

    **IT IS ORDERED** that the defendant be granted a pre-trial evidentiary hearing regarding an affirmative defense of justification / necessity and to proffer any expert evidence as needed for relevancy and materiality in a restrictive sense, contradictorily with the U.S. Attorney, on the _____ day of _____, 2013, at _____ o'clock, _____,m.

    **DONE THIS** _____ day of _____, 2013 at Brownsville, Texas, U.S. Southern District Court.

_____
    **JUDGE**